# 08 CV 3718

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

NATIONAL INDEMNITY COMPANY,       :

           Plaintiff,       :

                            :

        vs.                   :

                            :

STONEWALL INSURANCE COMPANY AND  :
SEATON INSURANCE COMPANY,       :

                            :

           Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF TO
ENFORCE JUDGMENTS
CONFIRMING FINAL ARBITRAL
AWARDS AND TO ENJOIN
RE-ARBITRATION OF
CONFIRMED ARBITRAL
AWARDS**

APR 18 2008
U.S.D.C. S.D.N.Y.
CASHIERS

       Plaintiff National Indemnity Company ("NICO"), by its undersigned counsel, for its causes of action against defendants Stonewall Insurance Company ("Stonewall") and Seaton Insurance Company ("Seaton"), alleges as follows:

## THE PARTIES

       1.     Plaintiff NICO is an insurance company organized and existing under the laws of the state of Nebraska, with its principal place of business located in Omaha, Nebraska.

       2.     Defendant Stonewall is an insurance company organized and existing under the laws of the state of Rhode Island, with its principal place of business located in Warwick, Rhode Island.

       3.     Defendant Seaton is an insurance company organized and existing under the laws of the state of Rhode Island, with its principal place of business located in Warwick, Rhode Island.

## NATURE OF ACTION, JURISDICTION, VENUE

4.      This is an action (1) for declaratory relief pursuant to Rule 57 of the Federal Rules

of Civil Procedure and 28 U.S.C. §2201, seeking a declaration that two arbitration awards (which

have previously been confirmed by this Court) are final and binding upon defendants and that

defendants have violated the judgments confirming the awards and the underlying awards

themselves; and (2) for an order and judgment pursuant to Rule 65 of the Federal Rules of Civil

Procedure and 28 U.S.C. §2202 enjoining defendants from (a) attempting to rearbitrate their

demands for rescission of their reinsurance contracts with NICO; and (b) violating the confirmed

arbitration awards by interfering with NICO's right to service Seaton's and Stonewall's claims

and interfering with NICO's right to collect third party reinsurance balances.

5.      Subject matter jurisdiction exists in that the plaintiff is of diverse citizenship from

the defendants and the matters in controversy exceed $75,000, exclusive of interest and costs.

The Court also has jurisdiction to grant the relief sought in this complaint under the All Writs

Act, 28 U.S.C. §1651.

6.      Venue in this district is appropriate pursuant to 28 U.S.C. §1391 in that the

arbitration awards that are the subject of this enforcement action arose from arbitrations

conducted in New York, New York.

## GENERAL ALLEGATIONS

7.      Pursuant to an Aggregate Retrocession of Loss Portfolio Agreement entered into

on or about March 29, 1999 (the "Seaton Reinsurance Agreement"), NICO agreed to reimburse

100% of Seaton's liabilities (as defined in the Seaton Reinsurance Agreement) up to a limit of

$350 million.

8.      Pursuant to an Aggregate Reinsurance Agreement between Stonewall and NICO executed on May 5, 2000 (the "Stonewall Reinsurance Agreement"), NICO agreed to reimburse Stonewall for 100% of its liabilities (as defined in the Stonewall Reinsurance Agreement) up to a limit of $240 million.

9.      The Seaton Reinsurance Agreement and the Stonewall Reinsurance Agreement (collectively referred to as the "Reinsurance Agreements") each contain an arbitration clause which provides that "[a]ll matters in difference between the Reinsured and the Reinsurer in relation to this [Reinsurance], including its formation and validity" shall be subject to arbitration.

10.     Each of the Reinsurance Agreements provides that the result of the arbitration shall be an award which is final and binding upon the parties:

> The award of the Arbitration Tribunal (by simple majority) shall be in writing and final and binding upon the parties who covenant to carry out the same.

11.     Each of the Reinsurance Agreements provides that, after an award is rendered, proceedings concerning enforcement of the award are not subject to arbitration, but are to be heard by a court of competent jurisdiction:

> If either of the parties should fail to carry out any award the other may apply for its enforcement to any court having jurisdiction thereof or having jurisdiction over the parties or their assets.

12.     On January 4, 2006, NICO made separate arbitration demands against Seaton and Stonewall pursuant to the arbitration clauses in the Reinsurance Agreements.

13.     NICO supplemented its arbitration demands on May 22, 2006.

14.     On June 22, 2006, Seaton and Stonewall each separately counterclaimed against NICO in the arbitrations.

15.    During their respective arbitrations, Seaton and Stonewall each expressly demanded and argued for (a) rescission of the Reinsurance Agreements with NICO; (b) the right to service their own claims; and (c) the right to collect amounts due from third-party reinsurers.

16.    After a full and fair hearing, a duly constituted Panel (the "Stonewall Panel") issued a Final Award dated September 28, 2007 in the Stonewall arbitration (the "Stonewall Final Award;" annexed as Exhibit A).

17.    In the Stonewall Final Award, the Stonewall Panel (a) expressly denied Stonewall's demand for rescission of the Stonewall Reinsurance Agreement; (b) declared that NICO has the exclusive right to service Stonewall's claims; and (c) declared that NICO has the right to collect amounts due from Stonewall's third-party reinsurers.

18.    After a full and fair hearing, a duly constituted Panel (the "Seaton Panel") issued a Final Award dated September 28, 2007 in the Seaton Arbitration (the "Seaton Final Award;" annexed as Exhibit B).

19.    In the Seaton Final Award, the Seaton Panel (a) expressly denied Seaton's demand for rescission of the Seaton Reinsurance Agreement; (b) declared that NICO has the exclusive right to service Seaton's claims; and (c) declared that NICO has the exclusive right to collect amounts due from Seaton's third-party reinsurers.

20.    By petition dated November 15, 2007, NICO sought entry of a judgment by the United States District Court for the Southern District of New York confirming the Stonewall Final Award.

21.    By petition dated November 15, 2007, NICO sought entry of a judgment by the United States District Court for the Southern District of New York confirming the Seaton Final Award.

4

22.     Stonewall did not oppose confirmation of the Stonewall Final Award as a judgment of the United States District Court for the Southern District of New York.

23.     Seaton did not oppose confirmation of the Seaton Final Award as a judgment of the United States District Court for the Southern District of New York.

24.     Stonewall consented to confirmation of the Stonewall Final Award as a judgment.

25.     Seaton consented to confirmation of the Seaton Final Award as a judgment.

26.     By judgment dated December 19, 2007 and entered December 21, 2007, this Court confirmed the Stonewall Final Award (the "Stonewall Judgment;" annexed as Exhibit C).

27.     By judgment dated December 19, 2007 and entered December 21, 2007, this Court confirmed the Seaton Final Award (the "Seaton Judgment;" annexed as Exhibit D).

28.     Neither Seaton nor Stonewall noticed an appeal of the Seaton Judgment and the Stonewall Judgment (collectively referred to as the "Judgments") confirming the Seaton Final Award and Stonewall Final Award (collectively referred to as the "Awards").

29.     Despite consenting to confirmation of the Awards, Seaton and Stonewall have violated the directions contained in the Awards and the Judgments of this Court confirming the Awards by interfering with NICO's exclusive right to service Seaton's and Stonewall's claims and also by interfering with NICO's exclusive right to collect amounts due from Seaton's and Stonewall's third party reinsurers.

30.     Seaton and Stonewall violated the Awards, and the Judgments confirming the Awards, on March 20, 2008 by each serving upon NICO a written demand seeking to re-arbitrate its claim for rescission of its respective Reinsurance Agreement with NICO (the "Re-Arbitration Demands").

31.     Seaton's and Stonewall's March 20, 2008 Re-Arbitration Demands do not seek resolution of an arbitrable dispute under the Reinsurance Agreements.

## COUNT I

## **DECLARATORY RELIEF**

32.     There exists a justiciable controversy between NICO and the defendants concerning whether the defendants have violated the Judgments confirming the Awards by defendants' attempts to re-arbitrate their claims for rescission of the Reinsurance Agreements and by interfering with NICO's exclusive right to service Seaton's and Stonewall's claims and to collect amounts due from third-party reinsurers.

33.     This justiciable controversy is ripe because Seaton and Stonewall have served the Re-Arbitration Demands upon NICO and have demanded re-arbitration of their rescission claims.

34.     This justiciable controversy is ripe because Seaton and Stonewall have interfered with NICO's rights to service Seaton's and Stonewall's claims and to collect third-party reinsurance.

35.     As set forth in the Reinsurance Agreements, NICO is authorized to seek judicial relief to enforce the Awards.

36.     NICO is entitled to a declaration that Seaton and Stonewall have violated the Judgments confirming the Awards.

## COUNT II

## **INJUNCTION AGAINST RE-ARBITRATION AND VIOLATIONS OF THE AWARDS**

37.     NICO realleges and incorporates by reference the allegations in Paragraphs 1 to 36 as if fully set forth herein.

6

38.    According to the terms of the Reinsurance Agreements, the Awards are final and binding.

39.    According to the terms of the Reinsurance Agreements, the parties are bound by a covenant to carry out the Awards.

40.    Despite the Judgments confirming the final and binding Awards, Seaton and Stonewall have each (a) sought to re-arbitrate their rescission claims via the Re-Arbitration Demands; (b) interfered with NICO's exclusive right to service Seaton's and Stonewall's claims; and (c) interfered with NICO's exclusive right to collect amounts due from third-party reinsurers.

41.    The Reinsurance Agreements provide that an application by any party to enforce awards shall be referred to court.

42.    NICO has no adequate remedy at law for the harm it would suffer if it was required to re-arbitrate matters that it has already arbitrated against Seaton and Stonewall.

43.    NICO has no adequate remedy at law for the harm it is suffering as a result of Seaton's and Stonewall's violations of the Judgments confirming the Awards.

## COUNT III

### ALTERNATIVE DEMAND FOR RELIEF: REMAND TO THE PRIOR PANELS

44.    NICO realleges and incorporates by reference the allegations in Paragraphs 1 to 43 as if fully set forth herein.

45.    In the alternative, and without waiving any of the foregoing, if the Court finds that there is any issue concerning the scope of the Seaton Final Award or the Stonewall Final Award that must be resolved through arbitration, then the Court should remand this matter to the same arbitrators or majority of arbitrators that issued those Awards for clarification and consideration of any question relating to enforcement of the Awards.

## PRAYER FOR RELIEF

46.    WHEREFORE, NICO seeks the follow relief:

     A.    A judgment declaring that Seaton and Stonewall have violated the Judgments and the Awards.

     B.    An order and judgment enjoining Seaton and Stonewall from further violating the Judgments and Awards.

     C.    An order and judgment enjoining Seaton and Stonewall from re-arbitrating their claims for rescission of the Reinsurance Agreements.

     D.    In the alternative, an order and judgment remanding this matter to the original arbitration Panels for clarification and consideration of any questions related to the enforcement of the Awards.

     E.    For such other and further relief as to the Court may seem equitable and just, including costs and attorneys' fees pursuant to 28 U.S.C. §1927.

Respectfully submitted,

Clyde & Co.
By: _____
Michael A. Knoerzer
The Chrysler Building
405 Lexington Avenue, 11th Floor
New York, New York  10174
(212) 710-3900

Dewey & LeBoeuf LLP
By: _____
John M. Nonna
1301 Avenue of the Americas
New York, New York  10019
(212) 259-8000

Attorneys for Plaintiff National Indemnity Company

# Exhibit A

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NATIONAL INDEMNITY COMPANY,                :
                                           :        Robert B. Green
                          Petitioner,      :        Caleb L. Fowler
                                           :        W. Mark Wigmore
               vs.                         :
                                           :
STONEWALL INSURANCE COMPANY,               :
                                           :
                          Respondent.      :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
```

## FINAL AWARD

The Panel, having considered all of the parties' submissions, evidence, authorities and

arguments, and having duly deliberated thereon, by majority hereby rules as follows for its Final

Award:

1. Stonewall's demand for rescission of the Aggregate Reinsurance Agreement between Stonewall and NICO (the "Reinsurance Agreement") is denied.

2. Stonewall's demand for compensatory damages is denied.

3. Stonewall's demand that NICO be compelled to deposit funds into a claims account administered by Stonewall is denied.

4. Stonewall's demand that NICO be ordered to reimburse Stonewall in the amount of $704,500 for the TIG claim is denied. NICO will reimburse Stonewall in the amount of $500,000 in full satisfaction of NICO's obligations under the Reinsurance Agreement.

5. Stonewall's demand that it be appointed claims servicer is denied.

6. Stonewall's demand that NICO pay its legal fees and expenses for this arbitration is denied.

7. NICO's request that it continue as claims servicer is granted, and, commencing from the date hereof, NICO is to be paid fees for this service according to the terms of the Reinsurance Agreement.

8. NICO's request that it be authorized to collect reinsurance from Stonewall's reinsurers is granted.

9. NICO's demand that Stonewall pay its legal fees and expenses for this arbitration is denied.

1

10. All other claims and requests for relief are denied.

Dated:   September 28, 2007

Robert B. Green
Umpire

W. Mark Wigmore
Arbitrator

Caleb L. Fowler - Dissents
Arbitrator

2

# Exhibit B

National Indemnity Company

Vs.

Seaton Insurance Company

## FINAL AWARD

The Panel, having read the several briefs together with exhibits, after a hearing, and deliberations, a majority now rules as follows:

1 .Seaton's demands for rescission of the treaties and return of the premium and investment income less net losses paid, Seaton's demand that NICO reimburse Seaton for ultimate net loss under the treaties without regard to the treaty aggregate limit, Seaton's demand for compensatory damages, Seaton's demand that NICO be compelled to deposit funds into a claims account administered by Seaton, and Seaton's demand that NICO consent to settlements within two days and that the panel remain constituted, are denied.

2. NICO's request that it continue as claims servicer is granted, and NICO is to be paid fees for this service according to the treaties.

3. Seaton's request that it be appointed as claims servicer is denied.

4. NICO's request that it be authorized to collect reinsurance from Seaton's reinsurers is granted.

5. Seaton's and NICO's demands as to legal fees and expenses in this arbitration are denied.

6. All other claims and demands for relief by either party are denied.

Dated: September  28, 2007

For the majority,

N. David Thompson, Umpire

Dissenting (except as to item 5),


Caleb Fowler, Arbitrator

# Exhibit C

USDS SDN
DOCUMENT
ELECTRONICALLY FILE
DOC #: _____
FILED: 12/21/07

'UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NATIONAL INDEMNITY COMPANY,                    )
                                               )
                        Petitioner,            )
                                               )       Civil Action No. 07 CV 10363
        - against -                            )                        (RJS)
                                               )       **JUDGMENT**
STONEWALL INSURANCE COMPANY,                   )
                                               )
                        Respondent.            )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, Petitioner and Respondent submitted to arbitration certain disputes arising

in relation to an Aggregate Reinsurance Agreement ("Reinsurance Agreement"), including the

amount, if anything, that Petitioner owed Respondent; and

        WHEREAS, an arbitration hearing was conducted on July 9-20, 2007; and

        WHEREAS, Respondent sought an order granting Respondent, among other things, the

right to be claims servicer under the Reinsurance Agreement, as well as certain monetary

damages; and

        WHEREAS, on September 28, 2007, the arbitration Panel issued a Final Award, as

attached to this Judgment, denying all of Respondent's claims for relief, but providing that

Petitioner reimburse Respondent in the amount of $500,000 in full satisfaction of Petitioner's

obligations under the Reinsurance Agreement for the TIG claim, and declared that Petitioner is

entitled to be claims servicer under the Reinsurance Agreement; and

        WHEREAS, this petition to confirm the award came on for hearing before the Court,

Honorable Richard J. Sullivan , United States District Judge, and the issues having been duly

heard and a decision granting the petition and confirming the arbitral award having been duly rendered;

It is ORDERED AND ADJUDGED

That the attached Final Award of the Panel, issued on September 28, 2007, is confirmed and that Petitioner have judgment in accordance with the rulings and terms stated therein.

Dated: New York, New York

_Dec. 19_, 2007

_____
United States ~~District~~ Judge

_The clerk of the Court shall close this case._

2

# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
NATIONAL INDEMNITY COMPANY,

     Petitioner,

  - against -

SEATON INSURANCE COMPANY,

     Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. **07 Cv 10349**
**JUDGMENT**   (LJS)

WHEREAS, Petitioner and Respondent submitted to arbitration certain disputes arising in relation to an Aggregate Retrocession of Loss Portfolio Agreement ("Reinsurance Agreement"), including the amount, if anything, that Petitioner owed Respondent; and

WHEREAS, an arbitration hearing was conducted on July 9-20 and August 6-9, 2007; and

WHEREAS, Respondent sought an order granting Respondent, among other things, the right to be claims servicer under the Reinsurance Agreement, as well as certain monetary damages; and

WHEREAS, on September 28, 2007, the arbitration Panel issued a Final Award, as attached to this Judgment, denying all of Respondent's claims for relief, including monetary damages, and declared that Petitioner is entitled to be claims servicer under the Reinsurance Agreement; and

WHEREAS, this petition to confirm the award came on for hearing before the Court, Honorable Richard J. Sullivan, United States District Judge, and the issues having been duly

heard and a decision granting the petition and confirming the arbitral award having been duly rendered;

It is ORDERED AND ADJUDGED

That the attached Final Award of the Panel, issued on September 28, 2007, is confirmed and that Petitioner have judgment in accordance with the rulings and terms stated therein.

Dated: New York, New York

Dec. 19 ____, 2007

_____
United States District Judge

*The clerk of the court shall close this case.*

2