UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NATIONAL INDEMNITY COMPANY, :
: 08 Civ. 3718 (RWS)
                Plaintiff, : ECF Case
:
vs. : **AFFIRMATION OF**
: **BRIAN SNOVER IN**
STONEWALL INSURANCE COMPANY AND : **OPPOSITION TO**
SEATON INSURANCE COMPANY, : **MOTION TO DISMISS**
: **OR STAY AND COMPEL**
                Defendants. : **ARBITRATION**
----------------------------------------------------------------X

      I, BRIAN SNOVER, pursuant to 28 U.S.C. § 1746, state as follows:

      1.     I am a member of the Bar of the United States District Court for the Southern District of New York and General Counsel to the Berkshire Hathaway Reinsurance Division. I make this affirmation in support of NICO's opposition to the Motion to Stay or Dismiss and to Compel Arbitration of Defendants Stonewall Insurance Company ("Stonewall") and Seaton Insurance Company ("Seaton") (together, the "Companies"). I am fully familiar with the facts set forth in this affirmation.

      2.     Plaintiff NICO, a subsidiary of the Berkshire Hathaway Inc., is a commercial lines insurer and reinsurer domiciled in the State of Nebraska. Among NICO's specialties is providing reinsurance coverage to insurers and/or reinsurers that are seeking to dispose of their discontinued business and run-off operations, either by means of reinsurance or by means of sale to a third party purchaser. In some instances, a sale to a third party takes place in conjunction with a reinsurance protection to absorb adverse development on the business being sold, which typically gives comfort to regulators (whose approval is being sought for the change in control over the entity) that the assets

1

available to meet policyholder obligations post-sale will be no less than they were pre-sale, and often much greater depending upon the reinsurance limit.

3. NICO cooperated in the handling of the Companies' claims from the time of the sale to Dukes Place (1999 for Seaton and 2000 for Stonewall) through 2005, without incident or meaningful dispute with either company.

4. The 2007 arbitrations between NICO and the Companies were full-blown arbitration proceedings with extensive discovery and motion practice. The parties exchanged hundreds of thousands of documents and took a total of 18 depositions on two continents. The two hearings consisted of three weeks of live testimony before the arbitration panels. By the conclusion of the hearings, more than 700 exhibits had been marked by the parties.

5. Subsequent to confirmation of the awards, a representative for the Companies candidly admitted that, unless NICO was prepared to purchase the Companies from Dukes Place and Castlewood/Enstar US at a premium price or otherwise comply with the demands of the Companies' owners, Dukes Place and Castlewood/Enstar US had given the instruction to counsel to continue to search for ways to pressure NICO to relent. Castlewood/Enstar US recently acquired a 44% minority interest in the Companies, but has been primarily responsible for managing the Companies since 2006. Following this communication, the demands to re-arbitrate issues previously decided were made by the Companies.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 5, 2008

_____
BRIAN SNOVER